**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Mutual Group, a foreign corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Intermatic Incorporated, a Delaware corporation,<br><br>　　　　　Defendant. | 04-CV-699-TUC-FRZ<br><br>**ORDER** |

Pending before the Court are: (1) Defendant Intermatic Incorporated's (Intermatic) Motion for Summary Judgment on the State of the Art Defense, (2) Intermatic's Motion for Summary Judgment based on Plaintiff Liberty Mutual Group's (Liberty Mutual) failure to preserve the scene and spoliation of evidence, and (3) Intermatic's Motion for Partial Summary Judgment on Damages. Liberty Mutual filed responses to all three motions, and Intermatic filed replies.

**Oral Argument**

Intermatic has requested oral argument on its motions. The Court has determined that the issues have been fully and adequately briefed and that oral argument would not aid the Court in its understanding of the issues. Therefore, the Court declines to grant oral argument on these motions. *See* Rules of Practice of the United States District Court for the District of Arizona (the Local Rules) LRCiv 7.2(f) and 56.2.

**Background**

This case arises from a fire in Liberty Mutual's insured's home's garage that was allegedly caused by a defective wire nut connection in the power pack component of an outdoor landscape lighting system manufactured by Intermatic and installed at Liberty Mutual's insured's home. Liberty Mutual contends that Intermatic manufactured a defective product and alleges that Intermatic was negligent and strictly liable.

**Discussion**

In its Answer, Intermatic asserted a "state of the art" affirmative defense. Under Arizona law:

> In any product liability action, a defendant shall not be liable if the defendant proves that any of the following apply:
>
> 1. The defect in the product is alleged to result from inadequate design or fabrication, and if the plans or designs for the product or the methods and techniques of manufacturing, inspecting, testing and labeling the product conformed with the state of the art at the time the product was first sold by the defendant.

Ariz. Rev. Stat. § 12-683.

In its motion for summary judgment on the state-of-the-art defense, Intermatic alleges that the power pack complied with the state of the art at the time of its manufacture, relying on its expert witness, Wayne Veach, and his expert report. Intermatic asserts that it is entitled to summary judgment because Liberty Mutual has not disclosed any expert opinion on the state-of-the-art issue and Mr. Veach's expert opinion is uncontested.

In its response to the motion for summary judgment, Liberty Mutual "concedes that [Intermatic] is correct that A.R.S. § 12-683 provides an affirmative defense in products liability claims." Liberty Mutual states that "[w]hile [Intermatic's expert] may be competent to testify as an expert witness, it is likely that a jury composed of reasonable-minded individuals could disagree with his expert opinion testimony or could find that [his] testimony is self-serving." Liberty Mutual argues that "there has been no opportunity for the aspects of product liability to be examined by the trier of fact" and that it "should have an opportunity to present its evidence with regards to Intermatic's negligence at the trial of this matter."

In its reply, Intermatic reiterates its position, noting that a jury could not find for Liberty Mutual because there is no "competent evidence to dispute [that] the product complied with the state of the art." Intermatic states that "Liberty Mutual has come forward with nothing[;] there is nothing in the record to contradict [Intermatic's expert's opinion] . . . ."

Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In deciding a motion for summary judgment, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); *Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

Because Intermatic bears the burden of proof on its state-of-the-art defense at trial, it has "the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). Intermatic has satisfied this burden through Mr. Veach's expert report. It is undisputed that "Mr. Veach prepared a report in which he opined that the design and manufacture of the power pack was in accordance with the state of the art at the time the product was first sold." [Def.'s Stmt of Facts (DSOF) at ¶13; Pl.'s Stmt of Facts (PSOF) at ¶1][1] Mr. Veach specifically stated in his report that: "It is my opinion that the [power pack] complied with the state of the art at the time of its first manufacture and continues to comply as of this writing." [DSOF at ¶14; PSOF at ¶1] Mr. Veach confirmed this opinion when Liberty Mutual deposed him. [DSOF at ¶15; PSOF at ¶1]

Because Intermatic has satisfied its initial burden, the burden shifts to Liberty Mutual to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514; *Brinson v. Linda Rose Joint Venture*,

---

[1] Citations to Defendant's and Plaintiff's Statements of Facts refer to the statements of facts in support of the motion for summary judgment on the state-of-the-art defense.

53 F.3d 1044, 1049 (9th Cir. 1995). Liberty Mutual has failed to do so. Liberty Mutual has not disputed Mr. Veach's opinion or presented any evidence on the state-of-the-art defense. It is undisputed that Liberty Mutual's expert, who concluded that a defective wire nut connection in the power pack caused the fire, did not have an opinion as to whether the power pack complied with the state of the art and had not investigated the issue. [DSOF at ¶¶8, 17; PSOF at ¶1]

Liberty Mutual argues that a jury could disagree with Mr. Veach's testimony or find it self-serving.[2] But Liberty Mutual cannot defeat Intermatic's motion "by merely asserting that the jury might, and legally could, disbelieve [the moving party]." *Anderson*, 477 U.S. at 256, 106 S. Ct. at 2514. *See also Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("[Plaintiff's] assertion concerning the lack of credibility of [the witness] has no bearing on summary judgment. Discredited testimony is not a sufficient basis for drawing an affirmative contrary conclusion."). Moreover, speculation and conclusions unsupported by factual data are insufficient to create a genuine factual dispute. *See Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996); *Marks v. United States (Department of Justice)*, 578 F.2d 261, 263 (9th Cir. 1978).

There is no genuine issue of material fact here and Intermatic is entitled to judgment as a matter of law on its state-of-the-art defense. Because Intermatic is entitled to judgment as a matter of law on this defense, the motion for summary judgment based on Liberty Mutual's failure to preserve the scene and spoliation of evidence, and the partial motion for summary judgment on damages are moot.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment on State of the Art Defense (U.S.D.C. document #27) is **GRANTED**.

---

[2]Liberty Mutual presumably believes Mr. Veach's testimony is self-serving because Intermatic alleges that Mr. Veach oversaw development of the product. [DSOF at ¶12]

**IT IS FURTHER ORDERED** that Defendant's Motion for Partial Summary Judgment on Damages (U.S.D.C. document #24) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment based on based on Liberty Mutual's failure to preserve the scene and spoliation of evidence (U.S.D.C. document #26) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's request for oral argument is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

DATED this 31st day of March, 2006.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge